IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B&R OIL COMPANY, INC., an Indiana corporation, | ) ) ) |
| Plaintiff/Counter Defendant, | ) ) |
| vs. | ) CIVIL NO. 09-257-GPM ) |
| IMPERIAL ENTERPRISES OF ILLINOIS, LLC, an Illinois limited liability company, ABDUR SHAHID, an individual, and ABDUL SHAHID, an individual, | ) ) ) ) ) |
| Defendants/Counter Claimants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *GE Commercial Distrib. Fin. Corp. v. Buchanan*, Civil No. 08-778-GPM, 2009 WL 909527, at *1 (S.D. Ill. Apr.1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). Plaintiff/Counter Defendant B&R Oil Company, Inc., ("B&R Oil") brings this action against Defendants/Counter Claimants Imperial Enterprises of Illinois, LLC, ("Imperial"), Abdur Shahid, and Abdul Shahid for breach of contract and fraud. The basis for the Court's subject matter jurisdiction alleged in the complaint is federal diversity jurisdiction, which requires, of course, that all parties to an action be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187

(1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *1 (S.D. Ill. June 30, 2006). B&R Oil, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

In this case B&R Oil has properly alleged that it is a corporation incorporated under Indiana law with its principal place of business in Indiana and that an amount in excess of the jurisdictional minimum amount for diversity purposes is in controversy. *See* 28 U.S.C. § 1332(a), (c)(1). However, B&R Oil has failed adequately to allege the facts requisite to the Court's exercise of jurisdiction in diversity with respect to Imperial, Abdur Shahid, and Abdul Shahid. Concerning Imperial, B&R Oil alleges in its complaint that Imperial is an Illinois limited liability company with its principal place of business and its registered office in Illinois and that Imperial transacts business in Illinois. These allegations do not establish diversity jurisdiction as to Imperial because the citizenship of a limited liability company for diversity purposes is the citizenship of each of its members. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 840 (S.D. Ill. 2008) (citing *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 n.1 (S.D. Ill. 2006)); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 837 n.1 (S.D. Ill. 2006); *Gracedale Sports & Entertainment, Inc. v. Ticket Inlet*, No. 99 C 2781, 1999

WL 691824, at *1 (N.D. Ill. Aug. 23, 1999). Therefore, to allege diversity jurisdiction properly as to Imperial, B&R Oil must amend its complaint to identify and allege the citizenship for diversity purposes of each member of Imperial.[1]

Finally, although B&R Oil properly alleges that Abdur Shahid is a citizen of Illinois and Abdul Shahid a citizen of Ohio, these allegations are based on information and belief. This is contrary to the settled rule that allegations of federal subject matter jurisdiction must be made on the basis of personal knowledge, not information and belief. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Hilco Fort Wayne, LLC v. Return Fort Wayne, Inc.*, Cause No. 1:09-CV-128, 2009 WL 1383808, at *1 n.1 (N.D. Ind. May 13, 2009); *Hill v. Olin Corp.*,

---

1. Thus, if any member of Imperial is a natural person, B&R Oil must identify the state where such person is domiciled, that is, physically present with an intent to remain there indefinitely. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). If any member of Imperial is a corporation, B&R Oil must identify the state where the corporation is incorporated and the state where the corporation maintains its principal place of business, defined in this Circuit as the state where a corporation maintains its "nerve center" or headquarters. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Jackson v. American Coal Co.*, No. Civ.05-4166-JLF, 2006 WL 181682, at **1-2 (S.D. Ill. Jan. 23, 2006); *Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 126-27 (N.D. Ill. 2003) (quoting *Wisconsin Knife Works*, 781 F.2d at 1282-83). If any member of Imperial is a trust, B&R Oil must allege the citizenship of the trustee or trustees, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust for diversity purposes is that of its beneficiary or beneficiaries. *See Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *2 (S.D. Ill. Nov .13, 2007); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Allegis Group, Inc. Contractors Health Plan Trust v. Connecticut Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at **2-4 & n. 3 (D. Md. June 10, 2004)). Finally, if any member of Imperial is a partnership, limited liability company, or other unincorporated association, B&R Oil must identify the citizenship of every member of such association. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006); *Mutual Assignment & Indem. Co. v. LindWaldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

No. 07-CV-0054-DRH, 2007 WL 1431865, at *2 (S.D. Ill. May 14, 2007); *Progressive Preferred Ins. Co. v. Bane of Cincinnati, Inc.*, No. 1:07-cv-29, 2007 WL 922234, at *1 (N.D. Ind. Mar. 26, 2007); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Accordingly, B&R Oil must file an amended complaint that omits any references to "information and belief" in its jurisdictional allegations with respect to Abdur Shahid and Abdul Shahid.

To conclude, B&R Oil is hereby **ORDERED** to file an amended complaint in accordance with this Order not later than ten (10) days from the date of entry of this Order. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[2]

**IT IS SO ORDERED.**

DATED: 6/29/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

2. Although, as has been noted in this Order, Imperial, Abdur Shahid, and Abdul Shahid have brought a counterclaim against B&R Oil, the Court has not concerned itself with the existence of federal subject matter jurisdiction as to the counterclaim. This is because the counterclaim is compulsory, *see* Fed. R. Civ. P. 13(a); *Burlington N. R.R. v. Strong*, 907 F.2d 707, 710-12 (7th Cir. 1990); *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989), and therefore, assuming that subject matter jurisdiction exists as to the main claim in this case, the counterclaim lies within the Court's supplemental jurisdiction. *See Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574-75 (7th Cir. 1991) (citing 28 U.S.C. § 1367); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 361 (7th Cir. 1990); *Robbins v. Lynch*, 836 F.2d 330, 334 (7th Cir. 1988).